UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOLLOWAY,<br>　　　　Plaintiff,<br>　v.<br>GILEAD SCIENCES, INC., et al.,<br>　　　　Defendants. | Case No. 16-cv-02320-VC<br><br>**ORDER REMANDING ACTION**<br>Re: Dkt. No. 33 |

　　　　Holloway has sued Gilead and Aerotek. She contends, among other things, that she should have been classified as an employee of those companies under California law, and that she was wrongly terminated. Each of her claims is based on state law. Holloway's first three claims allege she was subjected to sex discrimination and sexual harassment, in violation of various California statutes that prohibit workplace discrimination. Her fourth, fifth, and sixth claims (also brought under various California statutes) allege that she was misclassified as an independent contractor rather than an employee, and that she was denied wages and other benefits as a result of the misclassification. As damages for all her claims, she seeks lost wages, emotional distress damages, punitive damages, and the value of the employee benefits she would have received (and would receive in the future) had she been properly classified as an "employee" and not wrongly terminated based on her sex.

　　　　Although Holloway brought this lawsuit in state court, the defendants have removed it to federal court, invoking the Employee Retirement Income Security Act of 1974. Holloway has now filed a motion to remand. The motion to remand is granted, because removal on ERISA grounds is only appropriate if ERISA completely preempts a state law claim. *Marin Gen. Hosp.*

*v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–45 (9th Cir. 2009). None of Holloway's ERISA claims is completely preempted. At most, a portion of the damages she seeks to recover through her state law claims could be based on a calculation of the value of the ERISA benefits she'd have received had she been properly classified and not wrongly terminated. But this possibility does not mean that any of Holloway's claims is "entirely encompassed by" ERISA. *See id.* at 945. It does not mean her "only possible cause of action" is an ERISA claim. *See id.* at 946. And therefore the possibility that a court would need to consider the ERISA plans in calculating a portion her damages does not give rise to complete preemption.

The defendants assert that this damage calculation would require interpretation of the applicable ERISA plans to determine whether Holloway would have qualified for the benefits, and, if so, how much they were worth. The defendants further suggest there would be a dispute over this. They don't explain why this is so — they provide no reason to believe the calculation would not be automatic, assuming a court determined that Holloway should have been classified as an employee under California law. But regardless, even if a court would be required to look to the applicable ERISA plans in more than a mechanical way to determine a portion of Holloway's damages, that would not give rise to complete preemption; it would potentially give rise to conflict preemption. Perhaps a state court would be precluded, under conflict preemption principles, from awarding Holloway the portion of her damages attributable to the ERISA benefits she contends she should have received. Perhaps not. "But a defense of conflict preemption under [ERISA] does not confer federal question jurisdiction on a federal district court." *Id.* at 945. Accordingly, the case is remanded to San Mateo County Superior Court.

Another question is whether to award Holloway attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). There is at least one district court case, albeit from a different circuit, that could be read to support the defendants' contention that

2

this case should remain in federal court. *See Cox v. Gannett Co.*, No. 1:15-cv-02075-JMS-DKL, 2016 WL 1425525, at *6 (S.D. Ind. Apr. 12, 2016) ("Mr. Cox's action was removable to federal court because some of the damages sought through his fraud and unjust enrichment claims are preempted by ERISA."). Although it is a close question, in light of *Cox* (and the absence of directly on-point case law in this circuit), the defendants did not lack an objectively reasonable basis for removal. Holloway's motion for attorneys' fees and costs is therefore denied.

In light of this ruling, Gilead and Aerotek's motion to dismiss, dkt. nos. 24, 44, is denied as moot. Gilead and Aerotek's motion to disqualify counsel and the associated administrative motion to file certain materials under seal, dkt. nos. 26, 25; Holloway's administrative motion to file her opposition brief and certain supporting materials under seal, dkt. no. 43; and Gilead and Aerotek's administrative motion to file their reply brief and certain supporting materials under seal, dkt. no. 48, are also denied as moot. The Clerk of the Court is ordered to strike the documents the parties sought to keep under seal from the docket.

**IT IS SO ORDERED.**

Dated: June 23, 2016

VINCE CHHABRIA
United States District Judge